160

■ In the Matter of MARK WEIR, Appellant, v WILLIAM BRATTON, as Police Commissioner of the City of New York, Respondent. [772 NYS2d 38]—

Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered November 22, 2002, which, after a hearing, denied petitioner's application to annul respondent Police Commissioner's termination of petitioner's employment as a probationary police officer, and dismissed the petition, unanimously affirmed, without costs. Appeals from order, same court and Justice, entered October 16, 2001, and order, same court (Beatrice Shainswit, J.), entered December 19, 1996, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Petitioner fails to satisfy his burden of showing that his dismissal while on disciplinary probation was in bad faith (see Matter of Dolcemaschio v City of New York, 180 AD2d 573, 575 [1992]; Matter of Prestia v Brown, 191 AD2d 224 [1993]). Respondent's claim that petitioner solicited a prostitute is based on its surveillance and questioning of the woman he was seen with. At best, petitioner's evidence at the hearing showed that the IAB officers misidentified him. If so, respondent's reliance on their report, without ever questioning petitioner about the incident, would not amount to bad faith. Similarly, respondent's claim that petitioner was driving with a suspended license is based on a possibly erroneous DMV report. If so, respondent's reliance thereon, without questioning petitioner about his license, would not amount to bad faith. Concur—Buckley, P.J., Sullivan, Williams and Gonzalez, JJ.